# KIERNAN v. NEWTON.

*N. Y. Supreme Court, First District, Chambers; June, 1887.*

1. *Injunction pendente lite against public officer; removal of storm-door as street incumbrance.*] Plaintiff, the owner of premises in New York city, used as a store, erected by permission of the common council, a storm-door extending upon the sidewalk, beyond the house-line, but not beyond the so-called stoop-line. In an action to restrain the commissioner of public works and the superintendent of incumbrances from removing the storm-door,—*Held*, that a motion to continue *pendente lite* the injunction against its removal should be denied.*

Motion to continue injunction *pendente lite*.

Patrick Kiernan brought this action against John Newton, individually and as commissioner of public works, and John Richardson, individually and as superintendent of incumbrances in the city of New York, to restrain the removal of a storm-door, erected and maintained by the plaintiff at the entrance to his place of business, No. 515 Second Avenue, in New York city.

The complaint in substance alleged that the plaintiff was a resident and tax-payer of the city, and the owner of said premises where he carried on business; that on November 17, 1885, the common council of the city, by resolution (a copy of which was annexed to the complaint and made a part thereof), which the council had power and authority to pass, gave the plaintiff permission to erect and keep a storm-door in front of his premises, the same to continue during the pleasure of the council; that the plaintiff had, pursuant to such permission, erected within what is commonly known as the stoop-line in front of the premises, a storm-door

* Compare the previous cases.

about four feet wide by two feet deep, which he had since maintained inside of the stoop-line; and that the resolution of the council had never been repealed, rescinded or countermanded, but remained in full force.

The complaint then, after stating the respective official positions of the defendants, alleged that they had, through their servants or agents, illegally and wrongfully interfered with and arrested plaintiff's enjoyment of such permission, and still threaten and attempt to do so, and to tear down the door, and any other storm-doors that plaintiff might erect under such permission; that if the defendants were not restrained, great and irreparable injury would be done to the plaintiff, that he would be compelled to expend money in renewing the door after its frequent removals, as threatened, which would be entirely lost; that he would be continually harassed, annoyed and injured in his business, for all of which he had no adequate remedy at law, and the plaintiff asked that defendants be perpetually enjoined from removing the storm-door, or in any way interfering therewith or with plaintiff's enjoyment of such permission of the common council until revoked.

Annexed to the verified complaint was plaintiff's affidavit repeating its allegation and further avowing that the storm-door was a necessary convenience in his business, as it was in nearly all business in the city, and that it was very generally used therein; that it formed part of the entrance to the store, and did not extend beyond twenty-four inches from the front of the house, was wholly inside the stoop-line, was not over four feet wide, and twelve feet high, did not interfere with the business, comforts, conveniences or necessities of any of deponent's neighbors or any one of the people of the city, that no complaint had been made in good faith against the same, but that if any complaint had been made, it had been made by plaintiff's rivals in business who desired to hamper and injure him therein.

Upon this complaint and affidavit, the present motion was made for an injunction, *pendente lite.*

The matter was heard upon the plaintiff's papers, there being no opposing affidavits submitted.

*Wm. J. Fanning,* for the plaintiff, and the motion.

*N. B. Woodworth* (*E. H. Lacombe,* corporation counsel), for the defendants, opposed.—I. The contemplated action of the commissioner of public works is beyond dispute not *ultra vires,* and is a discretionary matter.  A court of equity will not, in such a case, in the absence of fraud, grant an injunction (People *v.* Moyer, 32 *Barb.* 102; *High on Inj.* § 1240.

II. The admission by the plaintiff that the  storm-doors extend beyond the house-line is equivalent to a denial by the defendant of all the equities of the  plaintiff, hence the plaintiff is not entitled to an injunction, *pendente lite* (Decker *v.* Decker, 52 *How. Pr.* 218; Knox *v.* McDonald, 25 *Hun,* 268; Benedict *v.* Seventh Ward R. R. Co., 6 *State Rep.* 548).

III. In the case of Emmons *v.* Campbell, 22 *Hun,* 582, an eating stand was erected in Church street in such a way as to extend a little way over on the sidewalk.  On an appeal to the General Term from  an order granting a stay pending appeal from the dismissal of the complaint, the court said that the effect of this stay was to prevent a public officer from performing the duty imposed upon him by law of removing obstructions or encroachments upon the streets of the city, and further said it was hardly a case where an injunction *pendente lite* should have been granted in the first instance.

IV. The removal by municipal officers of obstructions from the street, being a necessary exercise of the ordinary police powers of municipal government, will not be enjoined as a trespass (Sheen *v.* Stothart, 29 *La. Ann.* 630).

V. The ordinance of the common council does not validate the maintenance of the obstruction or encroachment

(Emmons v. Campbell, 22 *Hun*, 582 ; Ely v. Campbell, 59 *How. Pr.* 333).

Lawrence, J., denied the motion to continue, with $10 costs to the defendants.

---

## HECKMAN v. BACH.

*N. Y. City Court, Special Term ; December,* 1887.

1. *Supplementary proceedings ; examination of third party ; witness' fees.*] A third party who is required, by order made in proceedings supplementary to execution, to attend and submit to an examination as to property in his possession belonging to the judgment debtor, is not entitled to be paid a witness' fee as a condition to his obedience to the order.

In proceedings supplementary to execution against defendant Bach, an order was made requiring a third person to attend before the judge and submit to an examination as to property of the judgment debtor alleged to be in his possession.

Upon the return day counsel for the third party raised a preliminary objection that no witness' fee had been paid when the order was served.

McAdam, Ch. J.—The order requiring the third person to attend and submit to an examination as to property in his possession belonging to the judgment debtor, is in the nature of a special proceeding commenced against such person commanding him to appear (*Code Civ. Pro.* §§ 2441, 2433).

Section 2452 prescribes the mode of serving the order, but there is nothing in this or any other section of the Code requiring the judgment creditor to pay the third person a witness fee as a condition to his obedience to the order